UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO: 18-59245-JWC |
| | : | Chapter: 13 |
| JHELUM DANIEL DAVIS | : | |
| A/K/A JHELUM D DAVIS, | : | |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | CONTESTED MATTER |
| | : | |
| Movant. | : | |
| | : | |
| Vs. | : | |
| | : | |
| JHELUM DANIEL DAVIS | : | |
| A/K/A JHELUM D DAVIS, | : | |
| NANCY J. WHALEY, Trustee, | : | |
| | : | |
| Respondents. | | |

**NOTICE OF HEARING**

Movant filed a MOTION FOR RELIEF FROM THE AUTOMATIC STAY seeking relief from the automatic stay. Hearing will be held at United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303, Courtroom 1203 at 9:30 AM on November 12, 2019.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least three business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, S.W., Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below:

If a hearing cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Date:   10/18/2019                    /s/ Ryan Starks

Ryan Starks
Georgia Bar No. 676512
Phelan Hallinan Diamond & Jones, PLLC
11675 Great Oaks Way
Suite 320
Alpharetta, GA 30022
Tel: 770-393-4300 Ext 60024
Fax: 770-393-4310
Email: ryan.starks@phelanhallinan.com
GAND.bankruptcy@phelanhallinan.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO: 18-59245-JWC |
| | : | Chapter: 13 |
| JHELUM DANIEL DAVIS | : | |
| A/K/A JHELUM D DAVIS, | : | |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | CONTESTED MATTER |
| | : | |
| Movant. | : | |
| | : | |
| Vs. | : | |
| | : | |
| JHELUM DANIEL DAVIS | : | |
| A/K/A JHELUM D DAVIS, | : | |
| NANCY J. WHALEY, Trustee, | : | |
| | : | |
| Respondents. | | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 2152 PERRIN DRIVE, LAWRENCEVILLE, GEORGIA 30043 (the "Property"). In further support of this Motion, Movant respectfully states:

1.  A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on June 4, 2018.

2.  The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $107,409.00. A copy of the Note is attached hereto. Movant is an entity entitled to enforce the Note.

3.  Pursuant to that certain Security Deed (the "Security Instrument"), all obligations of the Debtor under and with respect to the Note and the Security Instrument are secured by the

Property.  A copy of the Security Instrument is attached hereto.

4.    All rights and remedies under the Security Instrument have been assigned to the Movant
pursuant to that certain assignment of security instrument, a copy of which is attached hereto.

5.    Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The
promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly
or through an agent, has possession of the promissory note. Creditor is the original mortgagee or
beneficiary or the assignee of the mortgage or deed of trust.

6.    The legal description of the Property and recording information is set forth in the Security
Instrument, a copy of which is attached hereto, and such description and information is
incorporated and made a part hereof by reference.

7.    As of October 16, 2019, the Debtor has failed to make the post-petition payments that
have come due since the filing of this case as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|
| 4 | 07/01/2019 | 10/01/2019 | $1,042.75 | $4,171.00 |

Less post-petition payment balance (suspense):  $0.00

**Total: <u>$4,171.00</u>**

8.    The next payment under the terms of the Note is due on November 1, 2019.

9.    In addition to the other amounts due to Movant reflected in this Motion, as of the date
hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred
$850.00 in legal fees and $181.00 in costs.  Movant reserves all rights to seek an award or
allowance of such fees and expenses in accordance with applicable loan documents and related
agreements, the Bankruptcy Code and otherwise applicable law.

10. Movant  requests  that  it  be  permitted  to  contact  Debtor  via  telephone  or  written
correspondence  regarding  potential  loss  mitigation  options  pursuant  to  applicable  non-

bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements.

11. Cause exists for relief from the automatic stay for the following reasons:

(a) Movant's interest in the Property is not adequately protected.

(b) Postconfirmation payments required by the confirmed plan have not been made to Movant.

(c) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by law, the Note, the Security Instrument, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. Movant, at its option, be permitted to contact the debtor(s) via telephone or written correspondence regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements.

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

4. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

5. For such other relief as the Court deems proper.

Date: __10/18/2019__                     /s/ Ryan Starks
                                         Ryan Starks
                                         Georgia Bar No. 676512
                                         Phelan Hallinan Diamond & Jones, PLLC
                                         11675 Great Oaks Way
                                         Suite 320
                                         Alpharetta, GA 30022
                                         Tel: 770-393-4300 Ext 60024
                                         Fax: 770-393-4310
                                         Email: ryan.starks@phelanhallinan.com
                                         GAND.bankruptcy@phelanhallinan.com

# Exhibit "A"

Exhibit A

# NOTE

FHA Case No.

DAVIS
Loan #:
MIN: .

| FEBRUARY 7, 2014 | Lawrenceville | GA |
|---|---|---|
| [Date] | [City] | [State] |

**2152 PERRIN DRIVE, LAWRENCEVILLE, GA 30043**
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **ACADEMY MORTGAGE CORPORATION** and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **ONE HUNDRED SEVEN THOUSAND FOUR HUNDRED NINE AND 00/100** Dollars (U.S. **$107,409.00**), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **FOUR AND THREE -FOURTHS** percent (**4.750%**) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **APRIL 1, 2014**. Any principal and interest remaining on the first day of **MARCH, 2044**, will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at **1220 EAST 7800 SOUTH, SANDY, UT 84094** or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. **$560.30**. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for Payment Adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [Specify] _____

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the

remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of 15 calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR percent (4.000%) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

2/7/14

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____   2/7/14
- BORROWER - JHELUM D DAVIS - DATE -

[Sign Original Only]

Pay To The Order Of

**Wells Fargo Bank, N.A.**
_____
Without Recourse
Academy Mortgage Corporation

Baylee Barnes, Collateral Specialist

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.

BY _____
SAMUEL C. SHELLEY, SENIOR VICE PRESIDENT
0151

4-29 16

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.

BY_____

DAVID C. PETERSON, SENIOR VICE PRESIDENT

060

GSCCCA.org - Image Index     http://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=68137459&k...

Case 18-59245-jwc    Doc 35    Filed 10/18/19    Entered 10/18/19 13:34:35    Desc Main
Type: DEED    Book: 54288    Page: Document    Page 12 of 38

BK54288 PG0340

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

16 MAY 16 PM 2: 00

RICHARD ALEXANDER, CLERK

This Document Prepared By
**DEMETA BOSTICK**
**WELLS FARGO BANK, N.A.**
**3476 STATEVIEW BLVD, MAC# X7801-03K**
**FORT MILL, SC 29715**
**(800) 416-1472**

GEORGIA INTANGIBLE TAX PAID
$ _15.00_
RICHARD T. ALEXANDER, JR.
SUPERIOR COURT GWINNETT
COUNTY, GEORGIA

When recorded, mail to:
First American Tit███████████
Loss Mitigation Title Services
P O Box 27670
Santa Ana, CA 92799
RE DAVIS - PR DOCS

*WHEN RECORDED, RETURN TO:*
*FIRST AMERICAN TITLE INSURANCE CO*
*1100 SUPERIOR AVENUE, SUITE 200*
*CLEVELAND, OHIO 44114*
*NATIONAL RECORDING*

Tax/Parcel #:

_____ [Space Above This Line for Recording Data] _____

Original Principal Amount: $107,409.00             FHA/VA Loan N█████████
Unpaid Principal Amount: $104,541.02            Loan No: (scan barcode)
New Principal Amount $109,522.01
New Money (Cap): $4,980.99

## LOAN MODIFICATION AGREEMENT (SECURITY DEED)
### (Providing for Fixed Rate)

        This Loan Modification Agreement ("Agreement"), made this 7TH day of MARCH, 2016, between **JHELUM D DAVIS** ("Borrower"), whose address is 2152 PERRIN DR, LAWRENCEVILLE, GEORGIA 30043 and **WELLS FARGO BANK, N.A.** ("Lender"), whose address is 3476 STATEVIEW BLVD, MAC# X7801-03K, FORT MILL, SC 29715 amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated FEBRUARY 7, 2014 and recorded on FEBRUARY 11, 2014 in BOOK 52779 PAGE 0272, GWINNETT COUNTY, GEORGIA, and (2) the Note, in the original principal amount of U.S. $107,409.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at
**2152 PERRIN DR, LAWRENCEVILLE, GEORGIA 30043**

Wells Fargo Custom Loan Mo█████████

Page 1

GSCCCA.org - Image Index     http://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=68137459&k...

Case 18-59245-jwc   Doc 35   Filed 10/18/19   Entered 10/18/19 13:34:35   Desc Main
Type: DEED   Book: 54288   Page: Document   Page 13 of 38

BK54288 PG0341

the real property described is located in **GWINNETT COUNTY, GEORGIA** and being set forth as follows.

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower agrees that certain amounts owed will not be capitalized, waived, or addressed as part of this Agreement, and will remain owed until paid. These amounts owed are referenced in the Cover Letter to this Agreement, which is incorporated herein, and are to be paid with the return of this executed Agreement. If these amounts owed are not paid with the return of this executed Agreement, then Lender may deem this Agreement void.

2. As of, **MAY 1, 2016** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U S **$109,522.01**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U S **$4,980.99** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

3. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.7500%**, from **MAY 1, 2016**. The Borrower promises to make monthly payments of principal and interest of U S **$507.21**, beginning on the **1ST** day of **JUNE, 2016**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **MAY 1, 2046** (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

4. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument.

   If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

5. The Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement.

6. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument, however, the following terms and provisions are forever cancelled, null and void, as of the date specified in Paragraph No. 1 above:
   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, and
   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that

Wells Fargo Custom Loan Mo ▮▮▮▮▮▮

Page 2

GSCCCA.org - Image Index                    http://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=68137459&k...

Case 18-59245-jwc    Doc 35    Filed 10/18/19    Entered 10/18/19 13:34:35    Desc Main
Type: DEED    Book: 54288    Page: Document    Page 14 of 38

BK54288 PG0342

contains any such terms and provisions as those referred to in (a) above

7   Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument  Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement

8.  Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower

9   If included, the undersigned Borrower(s) acknowledges receipt and acceptance of the Notice of Special Flood Hazard disclosure

10  **This Agreement modifies an obligation secured by an existing security instrument recorded in GWINNETT County, GEORGIA, upon which all recordation taxes have been paid. As of the date of this Agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $104,541.02. The principal balance secured by the existing security instrument as a result of this Agreement is $109,522.01, which amount represents the excess of the unpaid principal balance of this original obligation.**

Wells Fargo Custom Loan Mo▮ ▮▮▮▮▮▮▮▮

Page 3

GSCCCA.org - Image Index                    http://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=68137459&k...

Case 18-59245-jwc    Doc 35    Filed 10/18/19    Entered 10/18/19 13:34:35    Desc Main
Type: DEED    Book: 54288    Page: Document    Page 15 of 38

BK54288 PG0343

In Witness Whereof, I have executed this Agreement

_____                    4/16/16
Borrower JEELUM D DAVIS                               Date

_____                    _____
Borrower                                             Date

_____                    _____
Borrower                                             Date

_____                    _____
Borrower,                                            Date
_____ [Space Below This Line for Acknowledgments] _____

State of Georgia
County of Gwinnett ss

Signed, sealed and delivered on this 16th day of April , 2016 in the
presence of:

_____                    _____
Unofficial Witness                                   Notary Public, state of Georgia
       Frederick Arnold, Jr.                         DENISE D. ARNOLD
                                                     Printed Name

                                                     9 | 14 | 17
                                                     My Commission Expires

Document Prepared By
DEMETA BOSTICK
WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD, MAC# X7801-03K
FORT MILL, SC 29715

[Notary Seal: DENISE D. ARNOLD  MY COMMISSION EXPIRES  SEPT. 14 2017  GWINNETT CO. GEORGIA  NOTARY PUBLIC]

BK54288 PG0344

In Witness Whereof, the Lender have executed this Agreement.

WELLS FARGO BANK, N.A.      Marcelline Zomatchi
                     Vice President Loan Documentation   4/28/16

By               (print name)                 Date
               (title)

4-28-16                       04/28/16
           Witness                          Witness

YAWOA EZOSZI KONOU                  Amiri An
Witness – Printed Name               Witness – Printed Name

_____ [Space Below This Line for Acknowledgments] _____

**LENDER ACKNOWLEDGMENT**
STATE OF MINNESOTA _____      COUNTY OF DAKOTA _____

The instrument was acknowledged before me this   04-28-16 _____ by
MARCELLINE ZOMATCHI _____ ,                  the
Vice President Loan Documentation     of    WELLS    FARGO    BANK,    N.A.,
a Vice President Loan Documentation _____ , on behalf of said company

_____
Notary Public

Printed Name: ISABEL CRISTINA BROWN _____
My commission expires   01-31-21 _____

THIS DOCUMENT WAS PREPARED BY:
**DEMETA BOSTICK**
WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD, MAC# X7801-03K
FORT MILL, SC 29715

ISABEL CRISTINA BROWN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/21

Wells Fargo Custom Loan Mo ▇▇▇▇

GSCCCA.org - Image Index                    http://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=68137459&k...

Case 18-59245-jwc    Doc 35    Filed 10/18/19    Entered 10/18/19 13:34:35    Desc Main
Type: DEED    Book: 54288    Page: Document    Page 17 of 38

BK54288 PG0345

**EXHIBIT A**

**BORROWER(S): JHELUM D DAVIS**

**LOAN NUMBER: (scan barcode)**

**LEGAL DESCRIPTION:**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 106, 7TH
DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 9, BLOCK H, PINE RIDGE POINT,
UNIT 6, AS PER PLAT RECORDED AT PLAT BOOK Z, PAGE 260, GWINNETT COUNTY, SAID
PLAT BEING REFERRED TO AND MADE A PART OF THIS DESCRIPTION

ALSO KNOWN AS: 2152 PERRIN DR, LAWRENCEVILLE, GEORGIA 30043

DAVIS

GA

FIRST-AMERICAN ELS
MODIFICATION

Wells Fargo Custom Loan Mo                              Page 6

GSCCCA.org - Image Index      http://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=68137459&k...

Case 18-59245-jwc   Doc 35   Filed 10/18/19   Entered 10/18/19 13:34:35   Desc Main
Type: DEED   Book: 54288   Page: Document   Page 18 of 38

BK54288 PG0346

Date. MARCH 7, 2016
Loan Number (scan barcode)
Lender. WELLS FARGO BANK, N.A.

Borrower. JHELUM D DAVIS

Property Address· 2152 PERRIN DR, LAWRENCEVILLE, GEORGIA 30043

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement "Loan Agreement" means one or more promises. promissory notes. agreements. undertakings. security agreements. deeds of trust or other documents, or commitments. or any combination of those actions or documents. pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation

| | |
|---|---|
| Borrower | 4/16/16 |
| JHELUM D DAVIS | Date |

| | |
|---|---|
| Borrower | Date |

| | |
|---|---|
| Borrower | Date |

| | |
|---|---|
| Borrower | Date |

| | |
|---|---|
| Borrower· | Date |

| | |
|---|---|
| Borrower | Date |

Page 7

# Exhibit "B"

Type: DEED    Book: 52779    Page: 00272

BK52779 PG0272

FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY GA

2014 FEB 11 PM 2:00

RICHARD ALEXANDER, CLERK

Prepared By:
**ADRIENNE JOSEPH**
**ACADEMY MORTGAGE CORPORATION**
**1220 EAST 7800 SOUTH**
**SANDY, UT 84094**
**(801) 233-3700**

GEORGIA INTANGIBLE TAX PAID
$ 322.50

RICHARD T ALEXANDER, JR
SUPERIOR COURT GWINNETT
COUNTY, GEORGIA

~~When Recorded Mail To:~~
**ACADEMY MORTGAGE CORPORATION**
**1220 EAST 7800 SOUTH**
**SANDY, UT 84094**
**ATTN: CLOSING DEPARTMENT**
**(801) 233-3700**

[Space Above This Line For Recording Data]

## SECURITY DEED

FHA Case No.

DAVIS
Loan #
MIN
MERS Phone 1-888-679-6377
PIN

THIS SECURITY DEED ("Security Instrument") is given on **FEBRUARY 7, 2014**. The grantor is **JHELUM D DAVIS, SOLE OWNERSHIP** ("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P O. Box 2026, Flint, Michigan 48501-2026, telephone (888) 679-MERS **ACADEMY MORTGAGE CORPORATION**, is which is organized and existing under the laws of **UTAH**, and whose address is **1220 EAST 7800 SOUTH, SANDY, UT 84094** ("Lender"). Borrower owes Lender the principal sum of **ONE HUNDRED SEVEN THOUSAND FOUR HUNDRED NINE AND 00/100** Dollars (U S **$107,409.00**) This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **MARCH 1, 2044** This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note, (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument, and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note For this purpose, Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale, the following described property located in **GWINNETT** County, Georgia.
**SEE EXHIBIT "A" ATTACHED**
which has the address of **2152 PERRIN DRIVE, LAWRENCEVILLE**, Georgia 30043 ("Property Address")

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now

FHA Georgia Security Deed - 12/13
371.20    Page 1 of 11

0010244

38

Type: DEED    Book: 52779    Page: 00273

BK52779 PG0273

or hereafter a part of the property  All replacements and additions shall also be covered by this Security Instrument  All of the foregoing is referred to in this Security Instrument as the "Property" Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows

**UNIFORM COVENANTS:**

1. **Payment of Principal, Interest and Late Charge**
   Borrower shall promptly pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges**
   Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for

   (a) taxes and special assessments levied or to be levied against the Property,

   (b) leasehold payments or ground rents on the Property, and

   (c) premiums for insurance required under Paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either

   (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or

   (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary  Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

   Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U S C  Sec. 2601 et seq  and implementing regulations, 12 C.F R

FHA Georgia Security Deed - 12/13
371 20                          Page  2  of  11

Type: DEED      Book: 52779      Page: 00274

BK52779 PG0274

Part 1024, as they may be amended from time to time (RESPA), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall deal with the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrowers account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c)

3. **Application of Payments**
   All payments under Paragraphs 1 and 2 shall be applied by Lender as follows.

   - First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium,

   - Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

   - Third, to interest due under the Note;

   - Fourth, to amortization of the principal of the Note; and

   - Fifth, to late charges due under the Note.

4. **Fire, Flood, and Other Hazard Insurance**
   Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance This insurance shall be maintained in the amounts and for the periods that Lender requires Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender

   In the event of loss, Borrower shall give Lender immediate notice by mail Lender may make proof of loss if not made promptly by Borrower Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly All or any part of the insurance proceeds may be applied by Lender, at its option, either

   (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in Paragraph 3, and then to prepayment of principal, or

FHA Georgia Security Deed - 12/13

371 70                                    Page 3 of 11

Type: DEED    Book: 52779    Page: 00275

BK52779 PG0275

(b) to the restoration or repair of the damaged Property Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in Paragraph 2, or change the amount of such payments Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds**
Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control Borrower shall notify Lender of any extenuating circumstances Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default Lender may take reasonable action to protect and preserve such vacant or abandoned property. Borrower shall also be in default if borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing

6 **Condemnation**
The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument Lender shall apply such proceeds to the reduction of the Indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in Paragraph 3, and then to prepayment of principal Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in Paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7 **Charges to Borrower and Protection of Lender's Rights in the Property**
Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2 Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments

FHA Georgia Security Deed - 12/13
371 20                                    Page  4  of  11



Type: DEED      Book: 52779      Page: 00276

BK52779 PG0276

If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear Interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower:

(a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender,

(b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lenders opinion operate to prevent the enforcement of the lien; or

(c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice

8. **Fees**
   Lender may collect fees and charges authorized by the Secretary

9. **Grounds for Acceleration of Debt**
   (a) **Default**. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if

   (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or
   (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument

   (b) **Sale Without Credit Approval** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if

   (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and
   (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

FHA Georgia Security Deed - 12/13
171 20                                    Page 5 of 11

Type: DEED    Book: 52779    Page: 00277

BK52779 PG0277

(c) **No Waiver**  If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary**  In many circumstances regulations issued by the Secretary will limit Lender rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured**  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within **60 days** from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to **60 days** from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary

10. **Reinstatement**
Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if

(i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding,

(ii) reinstatement will preclude foreclosure on different grounds in the future, or

(iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument

11. **Borrower Not Released: Forbearance by Lender Not a Waiver**
Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrowers successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12 **Successors and Assigns Bound; Joint and Several Liability; Co-Signers**
The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Paragraph 9(b). Borrowers covenants and

FHA Georgia Security Deed - 12/13
371.20                                          Page 6 of 11



Type: DEED    Book: 52779    Page: 00278

BK52779 PG0278

agreements shall be joint and several  Any Borrower who co-signs this Security Instrument but does not execute the Note·

(a)  is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument;

(b)  is not personally obligated to pay the sums secured by this Security Instrument, and

(c)  agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13  **Notices**
Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14.  **Governing Law; Severability**
This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision  To this end, the provisions of this Security Instrument and the Note are declared to be severable.

15  **Borrower's Copy**
Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16  **Hazardous Substances**
Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Paragraph 16, "Environmental law" means

FHA Georgia Security Deed - 12/13
GA 771 70    Page 2 of 11

Type: DEED      Book: 52779      Page: 00279

BK 52779 PG 0279

federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows

17. **Assignment of Rents**
Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower  This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower. (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument, (b) Lender shall be entitled to collect and receive all of the rents of the Property, and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its right under this Paragraph 17

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach  Any application of rents shall not cure or waive any default or invalidate any other rights or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full

18  **Foreclosure Procedure**
If Lender requires immediate payment in full under Paragraph 9, Lender may invoke the power of sale granted by Lender and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 18, including, but not limited to, reasonable attorney's fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale to Borrower in the manner provided in Paragraph 13 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place under the terms designed in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such a conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following

FHA Georgia Security Deed - 12/13

Type: DEED    Book: 52779    Page: 00280

BK52779 PG0280

order: (a) to all expenses of the sale, including, but not limited to, reasonable attorney's fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law.

If the property is sold pursuant to this Paragraph 18, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19  Release
Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower  Borrower shall pay any recordation costs.

20. Waiver of Homestead
Borrower waives all rights of homestead exemption in the Property

21  Assumption not a Novation
Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

22  Security Deed
This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

23. Riders to this Security Instrument
If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider        ☐ Growing Equity Rider        ☐ Adjustable Rate Rider
☐ Planned Unit Development Rider   ☐ Graduated Payment Rider
☒ Other [specify] **WAIVER OF BORROWER'S RIGHTS**

FHA Georgia Security Deed - 12/13
371 70                    Page  9  of 11

Type: DEED    Book: 52779    Page: 00281

BK 52779 PG0281

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument

_____
BORROWER - JHELUM D DAVIS - DATE -

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public

GWINNETT COUNTY

STATE OF

My Commission Expires

CHRIS PAHL
Notary Public, Georgia
County
My Commission Expires
September 12, 2017

FHA Georgia Security Deed - 12/13                    Page 10 of 11

Type: DEED    Book: 52779    Page: 00282

BK52779 PG0282

---
[Space Below This Line For Acknowledgment]
---

STATE OF _____

COUNTY OF GWINNETT

This record was acknowledged before me on _____ by

_____

_____

who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
_____ Personally Known
or
_____ Produced Identification
Type and # of ID (last 4 digits) _____
ID Expiration Date _____

_____
Notary Public
GWINNETT COUNTY
STATE OF _____
My Commission Expires _____

FHA Georgia Security Deed - 12/13

Type: DEED    Book: 52779    Page: 00283

EXHIBIT "A"                    BK52779 PG0283
LEGAL DESCRIPTION

All that tract or parcel of land lying and being in Land Lot 106, 7th District, Gwinnett County, Georgia, being Lot 9, Block H, Pine Ridge Point, Unit 6, as per plat recorded at Plat Book Z, Page 260, Gwinnett County, said plat being referred to and made a part of this description

Type: DEED    Book: 52779    Page: 00284

BK52779 PG0284

After Recording Return To:
**ACADEMY MORTGAGE CORPORATION**
**1220 EAST 7800 SOUTH**
**SANDY, UT 84094**
**ATTENTION CLOSING DEPARTMENT**

Prepared By:
**ADRIENNE JOSEPH**
**ACADEMY MORTGAGE CORPORATION**
**1220 EAST 7800 SOUTH**
**SANDY, UT 84094**
**(801) 233-3700**

## WAIVER OF BORROWER'S RIGHTS

DAVIS
Loan #
MIN
Case #

GRANTOR: **JHELUM D DAVIS, SOLE OWNERSHIP**

LENDER **ACADEMY MORTGAGE CORPORATION**

DATE OF SECURITY DEED: **FEBRUARY 7, 2014**

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF: (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED, (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

1009.35    Page 1 of 2



Type: DEED    Book: 52779    Page: 00285

BK52779 PG0285

READ AND AGREED BY GRANTOR

2/7/14

- BORROWER - JHELUM D DAVIS - DATE -

Signed, sealed and delivered in the presence of:

_____

Unofficial Witness

Notary Public

My Commission Expires

CHRIS PAHL
Notary Public, Georgia
Dekalb County
My Commission Expires
September 12, 2017

Type: DEED    Book: 52779    Page: 00286

BK52779 PG0286

---

**CLOSING ATTORNEY'S AFFIDAVIT**

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights"

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure

_____
Closing Attorney

Sworn to and subscribed before me on _____ 2/7/14 _____

_____
Notary Public

My Commission Expires: _____

# Exhibit "C"

Exhibit C

Type: DEED    Book: 53809    Page: 00900

BK53809 PG0900

FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY GA

2015 SEP 10  PM 2: 00

RICHARD ALEXANDER, CLERK

Recording Requested By  WELLS FARGO BANK, N.A
When Recorded Return To  ASSIGNMENT TEAM, WELLS FARGO BANK, N.A. MAC  N9289-016 PO BOX 1629,
EAGAN, MN  55121-4400

### CORPORATE ASSIGNMENT OF SECURITY DEED

Gwinnett, Georgia
"DAVIS"

MIN #

**PREPARED BY: WELLS FARGO BANK, N.A.**

Date of Assignment: August 31st, 2015
Assignor  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC , AS NOMINEE FOR ACADEMY
MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS at P O  BOX 2026, FLINT, MI  48501
Assignee  WELLS FARGO BANK, N.A  at 1 HOME CAMPUS, DES MOINES, IA  50328

Executed By  JHELUM D DAVIS, SOLE OWNERSHIP  To  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC , AS NOMINEE FOR ACADEMY MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS
Date of Security Deed  02/07/2014 Recorded  02/11/2014  in Book/Reel/Liber  52779 Page/Folio  0272  In the
County of Gwinnett, State of Georgia.

Property Address  2152 PERRIN DRIVE, LAWRENCEVILLE, GA  30043

    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Security Deed having an original principal sum of $107,409.00 with interest, secured thereby, and the full benefit of
all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and
conveys unto the said Assignee, the Assignor's interest under the Security Deed

    TO HAVE AND TO HOLD the said Security Deed, and the said property unto the said Assignee forever, subject
to the terms contained in said Security Deed

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC , AS NOMINEE FOR ACADEMY MORTGAGE
CORPORATION, ITS SUCCESSORS AND ASSIGNS
On  9.1.15

By  _____
    Michelle Erin Wihren
Assistant Secretary

THE FOLLOWING PERSONS HAVE WITNESSED THE EXECUTION OF THIS DOCUMENT

WITNESS

_____
Yves Akara Kenao

NOTARY WITNESS

0081085

Type: DEED    Book: 53809    Page: 00901

BK53809 PG0901

CORPORATE ASSIGNMENT OF SECURITY DEED Page 2 of 2

STATE OF Minnesota
COUNTY OF Dakota

Subscribed and sworn to (or affirmed) before me on ____9/1/15____ , by ____Michelle Erin Wihren____ ,
Assistant  Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC , proved to me on the basis of
satisfactory evidence to be the person(s) who appeared before me

WITNESS my hand and official seal,

Kelley Christine Butikofer
Notary Expires: 01/31/2017

KELLEY CHRISTINE BUTIKOFER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/17

(This area for notarial seal)

BANKRUPTCY CASE NO.:  18-59245-JWC

Chapter 13

CERTIFICATE OF SERVICE

I, Ryan Starks, certify that I am over the age of 18 and that a copy of the foregoing
NOTICE OF HEARING and MOTION FOR RELIEF FROM THE AUTOMATIC STAY were
served upon the following persons or entities via first class mail, U.S. Mail or by electronic
notification:

JHELUM DANIEL DAVIS
2152 PERRIN DR
LAWRENCEVILLE, GA 30043

E. L. CLARK
CLARK & WASHINGTON, LLC
BLDG. 3
3300 NORTHEAST EXPWY.
ATLANTA, GA 30341

NANCY J. WHALEY, TRUSTEE
303 PEACHTREE CENTER AVENUE
SUITE 120, SUNTRUST GARDEN PLAZA
ATLANTA, GA 30303

Dated:   10/18/2019                    By:   /s/ Ryan Starks
                                             Ryan Starks
                                             Georgia Bar No. 676512
                                             Phelan Hallinan Diamond & Jones, PLLC
                                             11675 Great Oaks Way
                                             Suite 320
                                             Alpharetta, GA 30022
                                             Tel: 770-393-4300 Ext 60024
                                             Fax: 770-393-4310
                                             Email: ryan.starks@phelanhallinan.com
                                             GAND.bankruptcy@phelanhallinan.com